

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FINO MARINE S.A.,

        Plaintiff,

- against -

DZI GENERAL INSURANCE PLC and
KREMIKOVTZI CORPORATION,

        Defendants.
------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, FINO MARINE S.A. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendants, DZI GENERAL INSURANCE PLC and KREMIKOVTZI CORPORATION, ("Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Panama and was the Owner of the M/V JOVIAL DUCKLING ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Bulgaria, and was the voyage charterer of the Vessel.

4. Pursuant to the terms of a Voyage Charter Party between Fino Marine and Kremikovtzi Corporation, dated April 28, 2004, the Vessel was carrying a cargo of coal shipped under seven (7) bills of lading.

5. On or about July 20, 2004, in carrying out the voyage charter, the Vessel departed from Queensland, Australia laden with its cargo of coal to be delivered and discharged at Bourgas, Bulgaria.

6. During the Vessel's passage through the Dardanellas Strait in Turkey, she suffered a main engine breakdown and as a result, the Vessel encountered steering problems and had to anchor off shore.

7. As a result of the mechanical failures, the Vessel had to be salvaged from off shore to undergo repairs in order to complete her voyage.

8. As a result of the mechanical failure, a General Average event occurred that was directly related to the main engine breakdown that resulted in General Average expense.

9. Under the terms of the Voyage Charter, Defendant Kremikovtzi was required to contribute to any General Average event which was to be settled "in London according to York/Antwerp Rules as amended 1990."

10. Pursuant to the bills of lading that were issued for the shipment of the cargo, "General Average [was] to be adjusted at any port or place at carrier's option and to be settled according to the York-Antwerp Rules 1994 or any modification thereof."

11. As a result of the mechanical failure and engine problems, General Average was adjusted in Hong Kong in accordance with the York-Antwerp Rules of 1994.

13. Thereafter, upon completion of the salvage operations, on May 16, 2007, the General Average adjustment was finalized which was presented to the Defendants for their prompt payment to the Plaintiff.

12. The General Average loss and expense attributable to Defendant Kremikovtzi was $267,133.38.

13. As a result of the General Average event, Defendant DZI General Insurance executed an Average Guarantee in favor of the Plaintiff in which they undertook "to pay to the [Plaintiff] . . . on behalf of the various parties to the adventure as their interest may appear, any contribution to general average and/or salvage . . ."

14. As a result of the General Average event, Defendant Kremikovtzi executed a Lloyd's Average Bond in favor of the Plaintiff in which they agreed "to pay the proper proportion of any salvage and/or general average and/or special charges which may hereafter be ascertained to be due . . ."

15. The Defendants have failed to pay for their contribution in General Average as required by the Average Bond and Lloyd's Guarantee and have each breached their respective obligations to the Plaintiff.

16. As a result of Defendants' breaches of their General Average obligations, the Plaintiff has sustained damages in the total principal amount of **$267,133.38** exclusive of interest, costs and attorney's fees.

17. The Plaintiff has commenced proceedings in the High Court of Justice, Queens Bench Division, Commercial Court in England to enforce its rights to a General Average Contribution.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $267,133.38 |
| B. | Estimated interest on claims from May 16, 2007 at 6.5% compounded quarterly | $19,811.93 |
| C. | Estimated fees and costs: (£45,200 converted to USD) | $90,000.00 |

**Total**                                                                 $376,945.31

19.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

20.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and to attach, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$376,945.31.**

B.      That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to attach all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$376,945.31** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such

property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to the New York Civil Practice Law and Rules Article 53, this Court recognize and confirm any foreign judgment in Plaintiff's favor against the Defendants as a judgment of this Court;

D.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April 24, 2008
New York, NY

The Plaintiff,
FINO MARINE S.A.

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    April 24, 2008
          New York, NY

_____
Claurisse Campanale-Orozco